JOSEPH A. VELEZ
ATTORNEY AT LAW (SBN: 16059)
7272 E. Indian School Rd., Ste. 111
Scottsdale, Arizona 85251
480.710.5079
Attorney for Plaintiff
jvelezesq@me.com

# IN THE UNITED STATES FEDERAL COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JANICE FIELDER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RYAN COMPANIES US, Inc., a foreign corporation authorized to conduct business in Arizona,<br>　　　　　Defendant, | No.<br><br>**COMPLAINT**<br><br>FMLA Discrimination & Retaliation<br><br>JURY TRIAL DEMANDED |

　　　　Comes now Janice Fielder, the Plaintiff in this action, by and through her attorney Joseph A. Velez, and files this his Complaint against Defendant Ryan Companies US, Inc., and alleges the following:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff Janice Fielder, (hereinafter "Plaintiff" or "Ms. Fielder") is an adult resident of the County of Maricopa, Arizona.

2.  Defendant Ryan Companies US, Inc. (hereinafter "Ryan" or "Employer" or "Defendant") is a foreign corporation authorized to conduct business in Arizona.

3. Defendant Ryan is a commercial real estate firm, that provides construction, development and management services for commercial clients.

4. This Court has jurisdiction over Plaintiff's complaint by virtue of the Family and Medical Leave Act, 29 U.S.C. section 2601 et seq. (hereinafter "FMLA", or "Act").

5. Venue in the District Court of Arizona, Phoenix Division, is proper because the facts alleged herein occurred in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. While employed by Ryan, Ms. Fielder was an employee of the Defendant as the term is defined by the FMLA 29 U.S.C. section 2611(2)(A)(i).

7. Ryan was an "employer" as the term is defined in the FMLA, 29 U.S.C. section 2611(4)(A).

8. Janice Fielder, an Arizona citizen, was employed by Ryan in June of 2005 in the position of Property Assistant II. Property assistants provide administrative support to the Company's property managers.

9. Ms. Fielder reported directly and indirectly to Ms. Anna Riley (hereinafter "Ms. Riley"), who was Ryan's Regional Director of Management.

10. Ms. Fielder's work performance had been overwhelmingly satisfactory. According to the Employee Performance Evaluation which was completed by Anna Riley in 2007, Ms. Fielder garnered the following scores. Eight (8) number 4's (a score of 4 signifies Exceeding Expectations - employee has consistently performed this skill above the level expected); 41 number 3's (a score of number 3 signifies Meets Expectations - employee is consistently performing this skill as expected) and only five (5) number 2's (a score of number 2

Law Office of Joseph A. Velez
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251

signifies In Development Stages - Employee is making progress in developing this skill, but has not achieved the desired competence level in this skill). See Exhibit 1.

11. On or about September 2009, Ms. Fielder requested FMLA leave to care for her mother serious medical condition. The FMLA leave request was granted by the Employer.

12. Ms. Fielder alleges that her mother's condition was and is a serious health condition as defined by the FMLA.

13. The FMLA time off amounted to only slight adjustment to Ms. Fielder's hours. Instead of ending her day at 5:00 p.m., she would occasionally end at 4:00 p.m.  Thus the FMLA leave was intermitted.

14. Thereafter, due to Ms. Fielder's need to take time off to care for her mother, Anna Riley started getting tired of her requests.  Indeed, many of the email communications and verbal discussions between Ms. Fielder and Ms Riley seemed to revolve around Ms. Fielder's need for FLMA time off, and often suggesting that the time off was an inconvenience to Ryan.

15. In a memo dated February 2, 2010 (Exhibit 2), Anna Riley remarked that the non-FMLA time off by Ms. Fielder was a burden to the company, yet the fact was that there was no non-FMLA time that was taken by Ms. Fielder, except for approved vacation time. Plaintiff alleges that this is in fact evidence of Anna Riley's animosity and harassment due the time off required by Ms. Fielder to care for her sick mother.

16. The FMLA harassment took on many forms, including the over-scrutinizing of Ms. Fielder by Anna Riley, in addition to being criticized for minor matters. One example had to do with simple misspellings on a draft of a document. Ms. Fielder explained that this was just

Law Office of Joseph A. Velez
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251

an unedited draft, and that numerous other company communications often contained misspellings.

17. On more than one occasion, Anna Riley told Ms. Fielder that the FMLA time was an inconvenience and a burden to her (Anna Riley) and Ryan. Ms. Riley further remarked that the company's patience was running out due to Fielder's requirement for an FMLA accommodation and that it was a burden to the company. Thereafter, Ms. Fielder complained to Ms. Riley's supervisor, Dan Miller (Director of Human Resources), that she felt that Ms. Riley was discriminating against her and harassing her because of Ms. Fielder's occasional need for FMLA time off.

18. In a Memo to Dan Miller, the Human Resources Director of Ryan (dated February 2, 2010, attached as Exhibit 2), Anna Riley acknowledges that Ms. Fielder alleged FMLA harassment against her. In this memo, Ms. Riley even suggested that a discharging Ms. Fielder may be necessary. Curiously, although this memo alleged numerous deficiencies in Ms. Fielder's work performance, it is contradicted by another memo dated *only three weeks earlier* (January 8, 2010, attached as Exhibit 3) from Anna Riley to Dan Miller, stating how Ms. Fielder had made progress in her work performance and attitude.

19. Due to the progress that Ms. Fielder was making in the performance of her duties, Human Resources Director Dan Miller, on March 5, 2010, even recommended that Ms. Fielder have another review in four (4) weeks time to gauge her progress (email dated March 5, 2010, attached as Exhibit 4).

20. Upon receiving the March 5, 2010 email from Dan Miller recommending that another four (4) weeks be given to Ms. Fielder to assess her performance progress, Anna Riley became even more hostile toward toward Ms. Fielder, and again made disparaging remarks about Ms. Riley's need for occasional FMLA time off.

21. Due to the increased harassment by Ms. Riley, Ms. Fielder met with Colleen Dockendorf, Vice President of Human Resources on or about March 15, 2010, and again explained that Anna Riley was targeting her for harassment and discrimination due to her need to take FMLA time off (email dated March 17, 2010, Exhibit 5). Additionally, Ms. Fielder explained that Ms. Riley's scrutinizing and vague allegations of performance deficiencies were mere pretext for Ms. Riley's desire to harass Ms. Fielder.

22. One and half weeks later, on or about March 26, 2010, Ryan terminated Ms. Fielder. This termination was motivated in substantial part by prejudice and retaliation based upon Ms. Fielder's need for protected FMLA time off.

23. At the time of the termination, Ryan did not provide Ms. Fielder with any documentation regarding the reason for her termination. Plaintiff intends to show that reasons Ryan later gave for Ms. Fielder's termination were mere false.

### COUNT ONE - FMLA Discrimination & Harassment

24. Ms. Fielder reincorporates the allegations of paragraphs 1 through 23

25. That Ryan violated Ms. Fielder's rights under the FMLA by attempting to discipline her for her exercise of rights protected by the FMLA, including the right to take intermittent leave, in violation of 29 U.S.C. section 2615(a)(2).

### COUNT TWO - FMLA Retaliation

26. Ms. Fielder reincorporates the allegations of paragraphs 1 through 23.

27. Ms. Fielder further alleges that Ryan unlawfully retaliated against her in violation of the FMLA for having asserted her rights protected by the FMLA and having complained about the practices made unlawful by the FMLA. This retaliation also took the form of an unlawful termination.

**PRAYER FOR RELIEF**

WHEREFORE, Janice Fielder prays for this Court to grant the following relief:

A. An award of back pay in the amount she shall prove at trial to equal to her loss of earnings and benefits on account of the termination of her employment;

B. An equal amount as liquidated damages as authorized by 29 U.S.C. section 2617(a)(1)(A)(iii);

C. An award of attorneys fees, expert witness fees and costs authorized by 29 U.S.C. section 2617(a)(3);

D. Such other and relief as this court deems just and equitable.

DATED this 27th day of December, 2010.

/s/ Joseph A. Velez
_____
JOSEPH A. VELEZ
7272 E. Indian School Rd., Ste. 111
Scottsdale, Arizona 85251
480.710.5079
Attorney for Plaintiff
jvelezesq@me.com

Fielder vs. Ryan
Civil Complaint- 6